UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT L. VAZZO and**
**DAVID H. PICKUP,**

    **Plaintiffs,**
v.                                                                                          **Case No.: 8:17-cv-2896-T-36AAS**

**CITY OF TAMPA,**

    **Defendant,**

**EQUALITY FLORIDA**
**INSTITUTE, INC.**

    **Proposed Intervenor.**
_____/

**REPORT AND RECOMMENDATION**[1]

Equality Florida requests permission to intervene and become a party in this case under Federal Rule of Civil Procedure 24(b) (Permissive Intervention). (Doc. 30). Because permitting Equality Florida to be a party in this case would unduly delay and prejudice adjudication of the original parties' rights, Equality Florida's motion should be **DENIED**. However, Equality Florida

---

[1] Courts in this circuit are split on whether motions to intervene are dispositive under 28 U.S.C. Section 636. *Compare Mid-Continent Cas. Co. v. Old Dominion Ins. Co.*, No. 5:11-CV-367-OC-34TBS, 2011 WL 5510802, at *1 n.1 (M.D. Fla. Oct. 3, 2011) (deciding to issue a magistrate judge's decision on a Rule 24(a) motion to intervene as a report and recommendation), *with Bake House SB, LLC v. City of Miami Beach*, No. 17-20217-CV-LENARD/GOODMAN, 2017 WL 2645760, at *2 (S.D. Fla. June 20, 2017) (deciding to issue a magistrate judge's decision on motions to intervene under Rule 24(a) and 24(b) as an order). The Eleventh Circuit has not addressed this issue and other circuits are similarly unclear on whether motions to intervene should be decided by a report and recommendation or order. *See, e.g.*, *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, No. G-12-304, 2014 WL 12616098, at *2 n.1 (S.D. Tex. Aug. 13, 2014) (discussing inconsistent rulings in the Fifth Circuit on whether motions to intervene should be decided by report and recommendation or order). Therefore, out of an abundance of caution, the undersigned issues a report and recommendation.

should be permitted to participate in this litigation as amicus curiae.

## I.   BACKGROUND

The subject of this litigation is City of Tampa's Ordinance 2017-47, which prohibits licensed professional counselors from practicing conversion therapy on minors. (Docs. 1; 24-1, pp. 5–7). According to Ordinance 2017-47, conversion therapy is treatment aimed at changing an individual's sexual orientation or gender identity. (Doc. 24-1, pp. 5–7). Messrs. Vazzo and Pickup are licensed marriage and family therapists who practice mental health counseling. (Doc. 1, p. 5). Mr. Vazzo is licensed in the state of Florida; Mr. Pickup is not. (*Id.*).

Messrs. Vazzo and Pickup initiated this cause of action against the City of Tampa ("the City") seeking declaratory, preliminary, and permanent injunctive relief, as well as damages. (Doc. 1). Messrs. Vazzo and Pickup claim Ordinance 2017-47 violates their federal and state constitutional guarantees of freedom of speech and exercise of religion, as well as those rights of their minor patients. (*Id.* at 2). In their complaint, Messrs. Vazzo and Pickup ask the court to: issue preliminary and permanent injunctions enjoining the City from enforcing Ordinance 2017-47; enter a declaratory judgment declaring Ordinance 2017-47 unconstitutional; and award nominal damages to Messrs. Vazzo and Pickup for the City's violation of their constitutional rights. (*Id.* at 34–37).

Equality Florida is a Florida civil rights organization that advocates on behalf of lesbian, gay, bisexual, transgender, and questioning residents. (Doc. 30, p. 1). Equality Florida seeks the court's permission to intervene under Rule 24(b) as a party defendant. (*Id.*).[2] Messrs. Vazzo and Pickup oppose Equality Florida's motion to intervene; the City does not. (*Id.* at 30).

---

[2] Equality Florida does not assert that it has an unconditional right of intervention under Federal Rule of Civil Procedure 24(a) (Intervention of Right). (Docs. 30, 50).

2

After Messrs. Vazzo and Pickup submitted their response to Equality Florida's motion to intervene, Equality Florida moved for leave to reply to their response. (Doc. 45). The court granted Equality Florida's motion, and Equality Florida submitted its reply. (Doc. 50). Thus, the matter is ripe for determination.

## II. DISCUSSION

Equality Florida argues it meets the requirements for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. (Doc. 30). First, Equality Florida submits its motion is timely because it moved for intervention less than two months after the case commenced. (*Id.* at 5–6). Second, Equality Florida argues its defense of the validity of Ordinance 2014-47 raises common questions of law and fact with the underlying cause of action. (*Id.* at 6–7). Equality Florida submits the requirement of a common question of law or fact is satisfied when the intervenor shares a common objective with one of the parties, like this case. (Doc. 30, p. 6). Last, Equality Florida asserts its intervention would not unduly delay or prejudice the rights of the original parties because the court has not yet taken significant actions in the case. (Doc. 30, p. 7).

Equality Florida also argues: (1) the nature of Equality Florida's interest in enforcing Ordinance 2017-47 supports intervention; (2) Equality Florida's position as primary sponsor of Ordinance 2017-47 would provide the court with an understanding of the "scientific and medical consensus" supporting the ordinance's passage and help develop the record; and (3) the fact that district courts in California and New Jersey allowed similar interventions in similar cases supports Equality Florida's intervention in this case. (Doc. 30, pp. 2, 7–8).

Messrs. Vazzo and Pickup argue Equality Florida does not have the requisite standing to participate in the underlying litigation as an intervenor. (Doc. 42, pp. 2–10). Vazzo and Pickup

3

argue the Supreme Court recently held in *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017), that intervenors must have Article III standing. According to Vazzo and Pickup, Equality Florida cannot demonstrate standing because Equality Florida (1) cannot demonstrate a concrete and particularized injury, and, therefore, (2) cannot obtain relief from this court. (Doc. 42, pp. 6–10).

Alternatively, Messrs. Vazzo and Pickup argue Equality Florida does not meet the requirements for permissive intervention under Rule 24(b). (*Id.* at 10–17). First, Vazzo and Pickup assert Equality Florida does not share a common question of law or fact with the City because Equality Florida only has a "generalized interest" in upholding the validity of Ordinance 2017-47. (Doc. 42, pp. 11–14). Also, Vazzo and Pickup argue Equality Florida does not share a common question of law or fact with the City because Equality Florida "seeks to inject highly speculative issues" unsupported by evidence and unnecessary to resolving the underlying claims. (*Id.* at 12–14). Second, Messrs. Vazzo and Pickup claim Equality Florida's interests are adequately represented by the City in the underlying case. (*Id.* at 14–15).[3] Last, Messrs. Vazzo and Pickup argue Equality Florida's intervention would unduly prejudice Vazzo and Pickup because Equality Florida's would inject: "duplicative claims"; "collateral issues requiring additional discovery, witnesses, and litigation"; and "wholly speculative issues." (*Id.* at 15–17).

In its reply, Equality Florida argues the Supreme Court's recent holding in *Laroe Estates* is inapposite because *Laroe Estates* held Rule 24(a) intervenors of right must have Article III standing; here, however, Equality Florida seeks permissive intervention under Rule 24(b). (Doc.

---

[3] Despite the plaintiffs' contentions, "adequate representation" is not a factor under Rule 24(b). *Ga. v. U.S. Army Corp. of Eng'rs*, 302 F.3d 1242, 1259 n.12 (11th Cir. 2002). Therefore, the undersigned will not address this argument.

50, pp. 1–3). Equality Florida also argues the plaintiffs' contention that *Laroe Estates* should be extended to permissive intervention under Rule 24(b) contradicts the language of Rule 24(b) and settled case law. (Doc. 50, pp. 2–3). Equality Florida asserts it will not raise unnecessary issues even though the plaintiffs are bringing a facial challenge to Ordinance 2017-47 because facial challenges require an examination of the government's justification for the ordinance. (*Id.* at 3–4). Equality Florida also argues it does not need enforcement authority of Ordinance 2017-47 to permissively intervene. (Doc. 50, pp. 4–5). Alternatively, Equality Florida claims even if it needed to satisfy the Article III standing requirement, Equality Florida satisfies those requirements. (*Id.*).

Rule 24(b) of the Federal Rules of Civil Procedure gives the court discretion to permit intervention to anyone whose defense shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to permit intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). The motion to intervene must state the grounds for intervention and include a pleading that sets out the defense for which intervention is sought. Fed. R. Civ. 24(c).[4] Thus, a proposed intervenor defendant must show: (1) its motion to intervene is timely; and (2) its defense and the main action share a common question of law or fact. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (citation omitted). However, if a proposed intervenor

---

[4] Equality Florida has not submitted a pleading contemplated by Rule 24(c). However, Equality Florida submitted a memorandum in support of the City's motion to dismiss and a response in opposition to the plaintiffs' request for a preliminary injunction. (Docs. 31, 34). The undersigned will consider the contents of these documents to determine whether Equality Florida meets the requirements for intervention under Rule 24(b).

satisfies the timeliness and common interest requirements, the court may still deny permissive intervention. *Chiles*, 865 F.2d at 1213 (citation omitted). Ultimately, the decision whether a party should be allowed to permissively intervene is left to the district court's "full discretionary powers." *U.S. v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 712 (11th Cir. 1991).

The undersigned will first address the plaintiffs' reliance on *Laroe Estates* before addressing whether Equality Florida meets the requirements of Rule 24(b).

### A.   *Laroe Estates* and Rule 24(b) Permissive Intervention

In *Laroe Estates*, the Supreme Court held a litigant seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) must have Article III standing to pursue relief not otherwise sought by the original plaintiff. 137 S. Ct. at 1651. Here, Equality Florida seeks permissive intervention under Rule 24(b). (Docs. 30, 50). Therefore, the Supreme Court's holding in *Laroe Estates* does not apply to Equality Florida's motion to intervene.

Messrs. Vazzo and Pickup argue that the holding in *Laroe Estates* is "equally applicable to permissive intervention." (Doc. 42, p. 3). According to Vazzo and Pickup, after *Laroe Estates*, courts have "uniformly required" standing for permissive intervention. (*Id.* at 4) (citations omitted). Messrs. Vazzo and Pickup argue extending the holding in *Laroe Estates* to Rule 24(b) permissive intervention would be a "logical application" because, without standing, proposed intervenors will "bootstrap" their way into ongoing federal litigation, unnecessarily prolonging court proceedings. (Doc. 42, pp. 5–6).

Despite the plaintiffs' contentions, the cases cited for supporting the application of *Laroe Estates* to Rule 24(b) permissive intervention are inapposite. *See City of Chicago v. Sessions*, No. 17 C 5720, 2017 WL 5499167, at *4–5 (N.D. Ill. Nov. 16, 2017) (applying the standing

6

requirement from *Laroe Estates* to an analysis of Rule 24(a) intervention as of right); *see also Zimmerman v. GJS Group, Inc.*, No. 2:17-CV-00304-GMN-GWF, 2017 WL 4560136, at *4 (D. Nev. Oct. 11, 2017) (same).

In the Eleventh Circuit specifically, only two cases discuss *Laroe Estates*, and neither applies *Laroe Estates* to Rule 24(b) permissive intervention. *See Haynes v. Interbond Corp. of Amer.*, No. 17-CIV-61074-DIMITROULEAS/SNOW, 2017 WL 4863085 at *1 (S.D. Fla. Oct. 16, 2017) (discussing *Laroe Estates* in the context of a party's standing to bring a complaint); *see also Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1290 (11th Cir. 2017) (applying the standing requirement from *Laroe Esates* to a Rule 24(a) intervention of right).

Thus, the plaintiffs' argument that Equality Florida must possess Article III standing to intervene under Rule 24(b) is unavailing, and the undersigned will analyze whether Equality Florida meets the Rule 24(b) requirements for permissive intervention.

### B. Factors for Rule 24(b) Permissive Intervention

#### 1. Timeliness

In determining whether a motion to intervene is timely, courts must consider: (1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or should have known about its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely. *Ga. v. U.S. Army Corp. of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citation omitted).

Here, Equality Florida moved to intervene less than two months after Messrs. Vazzo and Pickup initiated their cause of action. (Docs. 1, 30). At the time, the pending motion for preliminary injunction and motion to dismiss were not fully briefed. Now, both are fully briefed (including Equality Florida) and pending decision. No unusual circumstances exist for finding Equality Florida's motion was not timely. Therefore, this factor weighs in Equality Florida's favor.

2. Common Questions of Law or Fact

A proposed defendant intervenor must have a defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). This common question requirement is generally given a liberal construction. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (citations omitted).[5] When the proposed intervenor will assert the same claims as those of an existing party, the common question requirement is met. *Davis. v. Southern Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 670 (S.D. Fla. May 27, 1993).

Although the common question requirement is liberally construed, the undersigned notes that there is a legitimate dispute on whether advocacy organizations with no enforcement authority over a law, like Equality Florida, actually have a common "defense" with the government entity defending the law. Another court concluded that an advocacy organization generally does not have a common defense with a government defendant in *Norris v. Ken Detnzer Sec. of State in His Off. Capacity*, No. 3:15CV343-MCR/EMT, 2015 WL 12669919 (N.D. Fla. Sept. 17, 2015). In *Norris*, advocacy organizations moved to permissively intervene in a case in which the plaintiffs challenged the constitutionality of amendments to the Florida Constitution. *Id.* at *1. The court

---

[5] The Eleventh Circuit adopted the former Fifth Circuit's decisions as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

denied permissive intervention because the organizations had "no enforcement role in upholding the challenged amendments . . . and thus they [did] not share a claim or defense . . . ." *Id.* at *2. Similarly, here, Equality Florida has no enforcement role in upholding Ordinance 2017-47. Additionally, if the plaintiffs succeed in their claim for damages, the City would be liable to pay those damages—not Equality Florida. Therefore, but for Equality Florida being instrumental to the passage of Ordinance 2017-47 (discussed in more detail below), the undersigned would be unlikely to conclude that Equality Florida and the City share a common "defense" in this case.

In response to the plaintiffs' reliance on *Norris*, Equality Florida cites the court's decision in *Georgia Aquarium, Inc. v. Pritzker*, 309 F.R.D. 680 (N.D. Ga. Apr. 18, 2014). In that case, advocacy organizations moved to permissively intervene in an action in which the plaintiff sought judicial review of the denial of a permit by multiple government entities to import whales. *Id.* at 682. The court concluded the government entities and advocacy organizations shared the same objective in denying the plaintiff's permit. *Id.* at 690. More importantly, however, the court concluded the advocacy organizations shared a common question of law or fact with the government entities because the advocacy organizations were "instrumental" in the government entities' decision to deny the plaintiff's permit. *Id.* at 691. Thus, the court granted the advocacy organizations' motion to intervene. *Id.* at 691–92.

Here, Equality Florida and the City argue Ordinance 2017-47 is constitutional and the court should dismiss the plaintiffs' case. (Docs. 22, 34). Additionally, in response to the plaintiffs' request for a preliminary injunction, Equality Florida and the City argue: (1) Messrs. Vazzo and Pickup cannot prove irreparable harm; (2) the balance of harms weigh against the plaintiffs' favor; and (3) enjoining Ordinance 2017-47 would be adverse to the public interest. (Docs. 23, pp. 23–

30; 31, pp. 3–7). Thus, Equality Florida and the City share the same objective in this case. However, whether the same objective satisfies the Rule 24(b)(1)(B) requirement of a "defense that shares with the main action a common question of law or fact" requires more analysis.

Unlike any organization that shares a general objective consistent with a party, here, as in *Georgia Aquarium*, there is more. Importantly, Equality Florida apparently was "instrumental" to the City's passage of Ordinance 2017-47. Equality Florida claims to be one of the primary sponsors of Ordinance 2017-47. (Doc. 30, p. 2). Also, Equality Florida claims it was "actively involved in the enactment of the Ordinance." (*Id.* at 4). Messrs. Vazzo and Pickup do not dispute Equality Florida's involvement in the passage of the ordinance. Therefore, because Equality Florida was "instrumental" in the passage of Ordinance 2017-47, Equality Florida has a defense that shares a common question of law or fact with the City and this factor also weighs in Equality Florida's favor.

### 3.   Undue Delay or Prejudice to Original Parties

In determining whether permissive intervention should be allowed, the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). If a proposed intervenor would add additional witnesses, delay the discovery process, require additional discovery, or otherwise prolong litigation, permissive intervention should be denied. *S. Fla. Water Mgmt. Dist.*, 922 F.2d at 711–12; *Chiles*, 865 F.2d at 1215; *Bumble Bee Foods, LLC v. Malo, Inc.*, No. CV 109-042, 2009 WL 2762683, at *4 (S.D. Ga. Aug. 31, 2009); *Fla. Clean Water Network, Inc. v. EPA*, No. 4:09-CV-165-SPM/WCS, 2009 WL 10674045, at *2 (N.D. Fla. Sept. 29, 2009).

Here, Equality Florida's intervention in the underlying cause of action would unduly delay

and prejudice the adjudication of the original parties' rights. When a court grants intervention, the intervenor becomes a party to the cause of action. Thus, if the court grants Equality Florida's motion to intervene, as a party, Equality Florida would have the ability to: depose witnesses; make discovery requests; submit discovery motions; and introduce new issues in litigation. In fact, Equality Florida already indicated that, as a party, it would "significantly contribute to the development of the record." (Doc. 30, p. 8). This unnecessary delay in the proceedings resulting from Equality Florida's party status would prejudice the rights of the original parties by complicating the discovery process and consuming additional resources of the original parties (and the court).

"Intervenors do not come alone—they bring along more issues to decide" and "more discovery requests." *South Carolina v. North Carolina*, 558 U.S. 256, 288 (2010) (Roberts, J., concurring and dissenting).

In arguing for its ability to permissively intervene, Equality Florida relies heavily on two district court decisions in *Pickup v. Brown*, No. 2:12-CV-02497-KJM-EFB, 2012 WL 6024387 (E.D. Cal. Dec. 4, 2012) and *King v. Christie*, 981 F. Supp. 2d 296 (D.N.J. Nov. 8, 2013). In those cases, the courts allowed advocacy organizations similar to Equality Florida to permissively intervene in similar cases in which plaintiffs challenged laws prohibiting professional counselors from offering "conversion therapy" to minors. *Pickup*, 2012 WL 6024387, at *4; *King*, 981 F. Supp. 2d at 310. However, in considering whether to allow intervention under Rule 24(b), neither district court discussed specific rights that each advocacy organization would have as a party, like the ability to conduct extensive discovery or otherwise expand the issues before the court, and how those rights would affect the original parties.

After considering the three factors for Rule 24(b) intervention, the court in *Pickup* allowed permissive intervention because the advocacy group would "provide a helpful, alternative viewpoint" from those who experienced "conversion therapy" treatment. 2017 6024387, at *4. The court in *King* agreed and allowed permissive intervention in its case after concluding that the advocacy organization's "helpful, alternative viewpoint" would aid the court in its decision and not unduly delay proceedings. 981 F. Supp. 2d at 310. However, the undersigned concludes that there is a better way for the court and the parties to benefit from Equality Florida's "helpful, alternative viewpoint" that does not prejudice the rights of the original parties.

C. **Equality Florida May Appear as Amicus Curiae**

District courts have inherent authority to appoint "friends of the court" to assist in ongoing litigation. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). An amicus curiae does not become a party to the case but it can still provide the court with its viewpoints and legal arguments. *Id.*; *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500–01 (S.D. Fla. May 21, 1991). Because allowing a non-party to become an amicus curiae will permit the original parties to run their own case, granting amicus curiae is "the strongly preferred option." *Resort Timeshare Resales*, 764 F. Supp. at 1500–01 (citation omitted). "The availability of such alternative avenues of expression reinforces our disinclination to drive district courts into multi-cornered lawsuits by indiscriminately granting would-be intervenors party status and all the privileges pertaining thereto." *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013).

Here, allowing Equality Florida to appear as amicus curiae would provide the court with Equality Florida's "helpful, alternative viewpoint" without causing undue delay or prejudice to the adjudication of the original parties' rights. Equality Florida's participation as amicus curiae will

12

allow the original parties to run their own case while still permitting Equality Florida to present its viewpoint and legal arguments on the matters central to this lawsuit. Therefore, Equality Florida should be permitted to participate as amicus curiae in this case, but Equality Florida's motion to permissively intervene should be denied.

### III. CONCLUSION

Equality Florida's motion to intervene is timely and its defense appears to share a common question of law and fact with the City's defense. However, Equality Florida's status as a party in this case would unduly delay and prejudice adjudication of the original parties' rights. Accordingly, it is **RECOMMENDED** that:

1. Equality Florida's Motion to Intervene as Party Defendant (Doc. 30) be **DENIED**; and

2. Equality Florida instead be permitted to appear as amicus curiae.

**RECOMMENDED** in Tampa, Florida on this 15th day of March, 2018.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

13