IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| ROBERT L. VAZZO, LMFT, individually and on behalf of his patients, DAVID H. PICKUP, LMFT, individually and on behalf of his patients, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TAMPA, FLORIDA, <br><br> Defendant | Civil Action No.: 8:17-cv-02896-CEH-AAS <br><br> **INJUNCTIVE RELIEF SOUGHT** |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED COMPLAINT
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Pursuant to M.D. Fla. Local Rules 3.01 and 4.01, Fed. R. Civ. P. 15, and this Court's Case Management and Scheduling Order (dkt. 63), Plaintiffs, Robert L. Vazzo, LMFT, and David H. Pickup, LMFT, individually and on behalf of their patients ("Plaintiffs"), hereby move this Court for leave to amend their Verified Complaint (Dkt. 1), to: add a defendant, a plaintiff and a claim under state law; to provide an update on Plaintiff Pickup's imminent licensure to provide counseling services in Florida; and to provide some additional details on the nature of SOCE counseling, the specific SOCE counseling Plaintiffs seek to provide in Tampa, and the vagueness problems of the Ordinance at issue in this lawsuit.

A proposed First Amended Verified Complaint is attached as **Exhibit 1** hereto. For the Court's convenience, a redline comparison between the original Verified Complaint (dkt. 1) and the instant proposed First Amended Verified Complaint is attached hereto as **Exhibit 2**.

In further support of their motion, Plaintiffs show the Court as follows:

## BACKGROUND

1. On December 4, 2017, Plaintiffs filed their Verified Complaint with this Court, seeking declaratory, preliminary, and permanent injunctive relief and damages. (Dkt. 1).

2. On May 9, 2018, this Court entered the Case Management and Scheduling Order, permitting Plaintiffs to file any motion to add parties or to amend pleadings **by June 18, 2018**. (Dkt. 63, p. 2).

3. Plaintiffs hereby move this Court for leave to file their First Amended Verified Complaint. Plaintiffs' motion is timely under the Case Management and Scheduling Order. (*Id.*)

4. Plaintiffs seek leave to amend their Verified Complaint to include one additional Defendant, Sal Ruggiero, Manager of the City of Tampa Neighborhood Enhancement Division. Pursuant to Section 7 of Ordinance 2017-47 (dkt. 1, Exhibit A, at 6), Mr. Ruggiero is responsible for administering and enforcing the provisions of Ordinance 2017-47.

5. Plaintiffs also seek leave to amend their Verified Complaint to include one additional Plaintiff, Soli Deo Gloria International, Inc. d/b/a New Hearts Outreach Tampa Bay, which is a Florida non-profit organization in Tampa that provides and facilitates SOCE education, mentoring and counseling to minors in the City of Tampa.

6. Plaintiffs also seek leave to amend their Verified Complaint to add a claim under the Florida Religious Freedom Restoration Act, Fla. Stat. Ann. § 761.03.

7. Plaintiffs also seek leave to amend their Verified Complaint to provide an update on Plaintiff Pickup's imminent licensure to provide counseling services in Florida, and to provide some additional details on the nature of SOCE counseling, the specific SOCE counseling Plaintiffs seek to provide in Tampa, and the vagueness problems of the Ordinance at issue in this lawsuit.

## MEMORANDUM OF LAW

A. **Rule 15 and Eleventh Circuit Precedent Dictate that Plaintiffs be Freely Given Leave to Amend.**

8. Fed. R. Civ. P. 15 permits a party to amend its pleading with the opposing party's written consent or the court's leave, and instructs that "[t]he court should **freely give leave** when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added).

9. As the Eleventh Circuit has held, "the rule in this circuit" is that "a plaintiff **must** be given at least one chance to amend the complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (emphasis added); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (same); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (holding that Rule 15 "evinces a bias in favor of granting leave to amend"); *see also Bivin-Hunter v. Wyndham Vacation Resorts, Inc.*, No. 1:09-cv-03465-JOF, 2010 WL 1409855, *4 (N.D. Ga. Mar. 30, 2010) ("the general rule of this circuit is to allow a party at least one opportunity to amend a complaint").

10. Indeed, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy*, 660 F.2d at 598.

11. In fact, as the Eleventh Circuit has held numerous times, it is an abuse of discretion to deny leave to amend where no substantial factor necessitates such a finding. *See, e.g.*, *Bryant*, 252 F.3d at 1165; *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1258 (11th Cir. 1998); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

12. This motion is Plaintiffs' first request for leave to amend, and the liberal rules compelling leave to amend **at least** once militate in favor of granting Plaintiffs' Motion.

B. **No Factors Counsel in Favor of Denying Leave to Amend.**

13. District courts should not refuse leave to amend unless "(1) there has been undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments

previously allowed," "(2) allowing amendment would cause undue prejudice to the opposing party," or "(3) amendment would be futile." *Bryant*, 252 F.3d at 1163 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *McKinley*, 177 F.3d at 1258 (same)

14. No such factors are present here. Plaintiffs are not requesting leave to amend for any purpose of delay or dilatory motivation, and Plaintiffs have not engaged in any undue delay in seeking leave to amend. **This motion is timely brought well within the deadline for seeking amendment, which deadline was previously agreed to by the City and accepted by the Court.** (Dkt. 63, p. 2). Moreover, Plaintiffs' request for leave to amend is submitted only five (5) months after initiating this instant litigation and **prior to any discovery taking place** (other than initial disclosures).

15. Additionally, the new plaintiff who seeks to join this lawsuit has only communicated with counsel for Plaintiffs **within the last week**. The Eleventh Circuit has stated that a finding of undue delay is warranted only where a plaintiff "knew of facts supporting the claim long before the movant requested leave to amend." *Tampa Bay Water v. HDR Eng'r, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013). Here, there can be no such showing as Plaintiffs are requesting leave to amend immediately after learning of the facts and claims of the new plaintiff to be added. Thus, Defendants can make no showing that Plaintiffs unduly delayed seeking leave to amend.

16. As this is Plaintiffs' first request for leave to amend their complaint, there can also be no showing that Plaintiffs have repeatedly failed to cure any alleged deficiencies in previous amendments. There have been no such prior amendments. Moreover, even in instances where a plaintiff has amended as a matter of course without requesting leave to amend, the Eleventh Circuit has noted that such a party cannot be said to have failed to cure deficiencies through previously

4

allowed amendments. *See Bryant*, 252 F.3d at 1164; *Bamert v. Pulte Home Corp.*, No. 6:08-cv-2120-Orl-22GJK, 2012 WL 3292875, *2 (M.D. Fla. Aug. 10, 2012) (stating that party should be granted opportunity to amend a second time if the only previous amendment was made as a matter of course); *Rivera v. Avis Budget Car Rental, LLC*, No. 8:11-cv-1676-T-33EAJ, 2011 WL 6840946, *2 (M.D. Fla. Dec. 29, 2011) (same).

17.   There can also be no showing of bad faith on the part of Plaintiffs in requesting leave to amend. For example, Plaintiffs seek to add the City official tasked with administering and enforcing Ordinance 2017-47, Sal Ruggiero. His participation is indisputably relevant to Plaintiffs' as-applied constitutional and statutory challenges to Ordinance 2017-47. As the official tasked with applying and enforcing all non-criminal ordinances enacted by the City, including Ordinance 2017-47, Mr. Ruggiero is a proper party to this action and his inclusion is necessary for Plaintiffs to obtain all the relief necessary against Ordinance 2017-47. *See, e.g.*, *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1246-48 (11th Cir. 1998); *ACLU v. The Florida Bar*, 999 F.2d 1486 (11th Cir. 1993).

18.   Defendant would suffer no undue prejudice by the granting of Plaintiffs' Motion. As the Eleventh Circuit has recognized, "[a]ny amendment to an original pleading necessarily involves *some* additional expense to the opposing party," but such nominal prejudice "constitute[s] anything but a substantial reason to deny leave to amend." *Loggerhead Turtle*, 148 F.3d at 1257 (emphasis original). Indeed, "[m]ere inconvenience to a party does not constitute undue prejudice because 'there is invariably some practical prejudice resulting from an amendment.'" *Jones v. Mercure*, No. 1:13-cv-03946-WSD, 2015 WL 847467, *3 (N.D. Ga. Feb. 25, 2015) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

19.   Prejudice to the non-moving party is "typically found if the amendment (1) results

in significant expense in conducting additional discovery or preparing for trial, (2) deprives the non-moving party of the ability to assert a claim or defense, or (3) significantly delays the resolution of the dispute." *Id.* Prejudice can also be found "when an amended complaint significantly changes a plaintiff's theory of recovery." *Bailey v. City of Douglasville*, No. 1:13-CV-00941-RWS-ECS, 2014 WL 12634308, *4 (N.D. Ga. Feb. 14, 2014).

20. Here, Defendant would suffer no undue prejudice whatsoever. This litigatin is still in its infancy, and has yet to move beyond the pleading stage. Defendants has not yet filed an Answer. Discovery has not yet commenced (except the exchange of initial disclosures), and is not scheduled to be completed until June 7, 2019 – **over one year from the filing of this motion**. (Dkt. 63 at 2). Defendant's trial preparation cannot possibly be burdened, because trial is not scheduled to even begin until December 2019 – **over one and a half years after the filing of the instant motion**. (*Id.*). Thus, there can be no argument that Defendant will suffer any significant expense or delay. Nor can there be any argument that granting Plaintiffs leave to amend will significantly delay the resolution of this action.

21. Granting Plaintiffs leave to amend will also not hinder or prevent Defendant from asserting any claim or defense. As noted, Defendant has not yet answered the original Complaint.

22. Defendant will also suffer no undue prejudice because Plaintiffs' proposed amendment does not change the theories of recovery. Plaintiffs seek only to add one additional plaintiff, one additional defendant, and one additional count, and to provide some additional detail on their existing claims and allegations. The addition of these proposed parties neither changes Plaintiffs' primary theory of recovery, nor Defendant's defense of it. The addition of the count under the Florida Religious Freedom Restoration Act also does not change Plaintiffs' primary

6

theory of recovery because it is based on the same set of operative facts as the other counts, and in fact, is substantially similar to two existing counts.

23.     Simply put, Defendant can demonstrate no prejudice whatsoever, let alone sufficient prejudice to warrant the drastic remedy of denying leave for a first amended complaint.

### C.     Defendant's Refusal to Consent to a First Amendment.

24.     On May 25, 2018, Plaintiffs' counsel conferred with counsel for Defendant, requesting Defendant's consent to file the proposed amended complaint.

25.     Plaintiffs reminded counsel for Defendant that: (1) this "Court **expects** that a party alleging that a pleading fails to state a claim **will . . . agree to an order permitting the filing of a curative amended pleading**" (dkt. 63 at 5 (emphasis added)); (2) that this Court gave Plaintiffs at least until June 18, 2018 to seek to add parties or amend their pleadings (*id.* at 2); and (3) that Fed. R. Civ. P. 15 and Eleventh Circuit precedent permit very liberal standards for amending a complaint, and require that leave be granted for a first amendment.

26.     Plaintiffs also informed Defendant's counsel that Plaintiffs are willing to work with Defendant to reduce or eliminate the need for additional pleadings directed at the amended complaint, namely by incorporating and relying upon existing briefing to the greatest extent possible, such that Defendant's motion to dismiss could still be heard on the existing schedule (*i.e.*, on June 7, 2018).

27.     Nevertheless, Defendant refused to agree to Plaintiffs' proposed amendment, and, when asked for a reason, Defendant's counsel would not provide a reason for this refusal, other than to state that Defendant would not consent.

## CONCLUSION

28.     WHEREFORE, because the Eleventh Circuit follows the general rule that a

plaintiff must be given at least one opportunity to amend a complaint, because Fed. R. Civ. P. 15 provides for very liberal amendment, because Plaintiffs are seeking to amend their complaint timely and within the deadline agreed by the parties and adopted by the Court, and because Defendant will suffer no prejudice by the granting of the relief requested herein, Plaintiffs respectfully request that this Court grant the instant motion and permit Plaintiffs to file their First Amended Verified Complaint.

Respectfully submitted,

/s/ Horatio G. Mihet
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Fax: (407) 875-0770
Email: dschmid@lc.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2018, I caused a true and correct copy of the foregoing to be filed electronically with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic service system.

/s/ Horatio G. Mihet
Horatio G. Mihet

*Attorney for Plaintiffs*