IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT L. VAZZO, LMFT, individually
and on behalf of his patients, DAVID H.
PICKUP, LMFT, individually and on
Behalf of his patients, and SOLI DEO
GLORIA INTERNATIONAL, INC.
d/b/a NEW HEARTS OUTREACH
TAMPA BAY, individually and on behalf
of its members, constituents and clients

                                        Case No. 8:17-cv-02896-T-02AAS

        Plaintiffs,

v.

CITY OF TAMPA, FLORIDA, and
SAL RUGGIERO, in his official capacity
As Manager of the City of Tampa
Neighborhood Enforcement Division

        Defendants

---

**DEFENDANT CITY OF TAMPA'S MOTION FOR PROTECTIVE ORDER,
INCORPORATED MEMORANDUM OF LAW, AND REQUEST
FOR EXPEDITED CONSIDERATION**

Defendant, City of Tampa, Florida ("City"), hereby moves this Court pursuant to Fed. R.

Civ. P. 26(c) for a protective order in connection with the scheduled 30(b)(6) deposition that has

been noticed by Plaintiffs.  In support thereof, the City states as follows:

1. On April 6, 2017, Tampa City Council passed Ordinance No. 2017-47, relating to

   conversion therapy on patients who are minors ("Ordinance').  On April 10, 2017, the

   Ordinance was signed by Mayor Bob Buckhorn.

2. Plaintiffs' First Amended Complaint (Doc. 78) challenges the validity of the Ordinance by

   asserting that it: (1) abridges Plaintiffs' rights to free speech (Counts I and IV); (2) violates

   their clients' rights to receive such speech (Count II); (3) abridges their rights to the free

   exercise of religion (Counts III and V); is void as an ultra vires act (Count VI); violates

their rights under the Florida Patient's Bill of Rights and Responsibilities (Count VII); and violates their rights under Florida's Religious Freedom Restoration Act (Count VIII).

3. On August 9, 2018, Plaintiffs served their initial discovery upon the City.  In an e-mail accompanying the discovery, Plaintiffs' counsel advised that they also desired to depose defendant Ruggiero and a Rule 30(b)(6) witness.  The e-mail advised that while the topics for the Rule 30(b)(6) deposition would be identified "more fully" in a subsequent deposition notice, the deposition would seek testimony "on the same topics covered by the attached discovery requests."

4. The City never agreed to the proposed topics as articulated in Plaintiff's counsel's e-mail.

5. In the Court's Order, dated September 13, 2018, the Court narrowed search terms, date ranges, custodians, and devices the City had to search to determine the scope of materials responsive to Plaintiffs' discovery requests. In that regard, the Court limited the scope of discovery to the following: (a) the time period of October 1, 2016 to December 15, 2017; (b) 20 custodians identified in the Court's Order (Doc. 119); and (c) 30 search terms identified in the Court's Order (Doc. 119). At the hearing on September 13, 2018, the Court also made clear that the defined discovery period, relative to deposition inquiries, would also be limited to December 15, 2017.  (Transcript, p. 40-44.) (A copy of the transcript is attached hereto as Exhibit "A".) In fact, the Court stated at the hearing that "**normally I would frankly view the cut-off as of the date of the filing of the complaint, and frankly here even I think there is an argument to be made that the cut-off date should really be the ordinance date**."  (Transcript, p. 40:20-24.) (Emphasis supplied.)   The Court further stated that "**what is appropriate in terms of the discovery for the PI hearing is frankly the pre enactment of the ordinance and up to the enactment of the ordinance.**"

2

(p.30.) (Emphasis supplied.) The Court also stated that: "So for purposes of merits discovery in this case, should this case get to that point, then I do find that it is necessary at this time to have the cut-off be that December 15, 2017." (p. 28-29).

6.  On September 18, 2018, Plaintiffs served their formal Notice of Taking Depositions of Defendants, in which they noticed a Rule 30(b)(6) deposition of the City for October 30, 2018, and the deposition of Defendant Ruggiero for October 31, 2018.  (A copy of the Notice of Taking of Depositions is attached hereto as Exhibit "B".)

7.  On September 24, 2018, the City served upon Plaintiffs' its objections to the 30(b)(6) deposition. (A copy of the City's objections is attached hereto as Exhibit "C".)

8.  On September 25, 2018, counsel for the parties conferred concerning the City's objections to the 30(b)(6) deposition.

9.  The City has no objection to the deposition of Defendant Ruggiero.  However, for the reasons stated below, the City seeks a protective order from this Court with respect to the proposed Rule 30(b)(6) deposition.

## **MEMORANDUM OF LAW**

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In assessing whether requested discovery is proportional, consideration is given to: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery

outweighs its likely benefit. *Id.*[1] "When discovery does not relate to the actual issues in the case, then it does not meet the relevance and proportionality requirements." *Runton by and through Adult Advocacy & Representation v. Brookdale Senior Living, Inc.*, 2018 WL 1083493, *7 (S.D. Fla. Feb. 27, 2018) (citation omitted). Thus, this Court has noted that in a case in which a governmental entity's official action is challenged solely on constitutional and statutory grounds, little discovery should be needed. *See Men of Destiny Ministries, Inc. v. Osceola County, Florida*, 2006 WL 2048288, *1 (M.D. Fla. July 20, 2006) ("the nature of the proceeding is a review of whether Defendant's action taken on a Conditional Use Permit application constitutes violation of Plaintiff's statutory and constitutional rights. As such, it appears that the proceeding is one in which little formal discovery should be needed, as the complaint is against official action, which is set forth in a formal administrative record."). *See also Bill Salter Advertising v. City of Brewton*, 486 F. Supp.2d 1314, 1319 (S.D. Ala. 2007) (where motion for preliminary injunction turned on pure questions of law relating to a predominantly facial challenge to ordinance constitutionality, no preliminary discovery was reasonably necessary). Moreover, the court must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(c)(i). Rule 26(c) provides that a party from whom discovery is sought may move for an order to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense...."

---

[1]     This Court has noted that the list of factors identifies in Rule 26(b)(1) is non-exclusive. *See, e.g., Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, *4 (M.D. Fla. May 23, 2017).

As discussed below, Plaintiffs' request for a Rule 30(b)(6) deposition is premature, given that Plaintiffs have not yet received—let alone reviewed—the City's responses to Plaintiff's written discovery, nor has the Court ruled on any  objections the City may assert in response  to such discovery.  Given that Plaintiffs' review and/or the Court's rulings may obviate the need for, or at least narrow the scope of, any Rule 30(b)(6) deposition, the purpose of Rule 26 is frustrated by Plaintiffs designating topics for testimony prior to such review.   In addition to being premature, Plaintiffs' Rule 30(b)(6) notice includes topics that are inappropriate for Rule 30(b)(6) testimony. In that regard, Plaintiffs should be precluded from seeking any testimony concerning topics 7, 9, 10, 11, and 12.

1.  <u>Plaintiffs' Request for Rule 30(b)(6) Deposition is Premature</u>

Because Plaintiffs' 30(b)(6) notice was served well before the deadline for the City to respond to Plaintiff's written discovery, Plaintiffs cannot assert that the desired Rule 30(b)(6) testimony cannot be obtained from another source "that is more convenient, less burdensome, or less expensive."  Consistent with Plaintiffs' counsel's August 9, 2018 correspondence, Plaintiffs' Rule 30(b)(6) deposition notice largely "seek[s] testimony on the same topics covered by the attached discovery requests."  By explicitly requesting duplicative discovery, Plaintiffs violate the requirements of Rule 26.  *See, e.g., Bank of America, N.A. v. SFR Investments Pool 1 LLC*, 2016 WL 2843802, * 3 (D. Nev. May 12, 2016) ("[D]efendant's approach in serving a duplicative Rule 30(b)(6) deposition notice contemporaneously with its initial written discovery requests violates the requirement of Rule 26(b) that discovery be reasonably tailored and proportional to the needs of the case."); *U.S. E.E.O.C. v. Source One Staffing, Inc.*, 2013 WL 25033, *4 (N.D. Ill. Jan. 2, 2013) ("Defendant will be able to focus any future Rule 30(b)(6) Notice on the discovery of any facts that require further explication after the [plaintiff] has supplemented its interrogatory

answers.  At this time, therefore, the Rule 30(b)(6) Notice is premature."); *Taser Int'l, Inc. v. Morgan Stanley & Co., Inc*., 2010 WL 11575279, *2 (N.D. Ga. Dec. 17, 2010) ("the Court finds that it would be inefficient and unduly burdensome to require [defendant] to participate in a Rule 30(b)(6) deposition without first giving the company an opportunity to provide written discovery…").   Before declaring any topics of inquiry for a Rule 30(b)(6) deposition, Plaintiffs should be required to first review the City's responses and objections to Plaintiffs' written discovery requests, so that any such deposition—if needed at all—can be 'reasonably tailored' and not 'unreasonably cumulative or duplicative.'

2.  <u>Plaintiffs Should be Precluded from Seeking  Any Testimony Concerning Topic 7</u>

Topic 7 of Plaintiffs' Notice seeks testimony relating to "All communications and coordination, between Defendant and Equality Florida or any other advocacy group, regarding the Ordinance or any other effort to ban SOCE for minors."  The City objects to this topic, reserving the right to assert additional objections, for the following reasons:

a. The Court's Order (Doc. 121) expressly limits the scope of discovery in response to Plaintiffs' discovery requests to the following:  (1) the time period of October 1, 2016 to December 15, 2017; (2) 20 custodians identified in the Court's Order (Doc. 119); and (3) 30 search terms.  Moreover, at the hearing on September 13, 2018, the Court stated that "**normally I would frankly view the cut-off as of the date of the filing of the complaint, and frankly here even I think there is an argument to be made that the cut-off date should really be the ordinance date."**  (Transcript, p. 40:20-24.) (Emphasis supplied.) The Court further stated that "**what is appropriate in terms of the discovery for the PI hearing is frankly the pre enactment of the ordinance and up to the enactment of the ordinance."** (p.30.)   (Emphasis supplied.) The Court also

stated that: " So for purposes of merits discovery in this case, should this case get to that point, then I do find that it is necessary at this time to have the cut-off be the that December 15, 2017." (p. 28-29).   Topic 7 is contrary to the scope of discovery permitted by the Court in that it (1) does not limit the time period to the ordinance date, the filing of the Complaint, or even  December 15, 2017, but rather is completely open-ended; (2) does not limit the testimony or inquiry to the 20 custodians identified by the Court but rather potentially implicates each and every City employee, of which there are more than 4,000; and (3) goes well beyond the scope of the 30 search terms. Pursuant to the Court's Order, which narrowed the scope of materials responsive to Plaintiffs' discovery requests, the Court authorized discovery of documents from only 20 custodians, during the period of October 1, 2016 to December 15, 2017 as it relates to the search term "Equality Florida."

b. The information requested in topic 7 is (a) irrelevant to the claims and defenses, and (b) is not proportional to the needs of the case. Moreover, particularly  as it relates to the time period after the enactment of the Ordinance, and certainly after the filing of the Complaint, the requested information which is the subject of the topic is   (a) irrelevant to the claims and defenses, and (b) is not proportional to the needs of the case. The singular issue in this case is the constitutionality and validity of the subject Ordinance, which was passed by City Council on April 6, 2017 and approved by the Mayor on April 10, 2017. Thus, any event after April 10, 2017, and particularly after the filing of the Complaint on December 4, 2017, is not proportional to the needs of the case given: (a) the importance of the issues at stake in this action, (b) the importance of the discovery in resolving the issues, and (c) the burden or the expense of the

proposed discovery significantly outweighs its likely benefit.[2] With respect to the latter, the proposed inquiry would potentially require that the City contact every City employee, of which there are more than 4,000, to ascertain whether any one of the City employees participated in any verbal or written communications or coordination between Defendant and Equality Florida or any other advocacy group, regarding the Ordinance or any other effort to ban SOCE for minors. This would require an extraordinary effort on the part of the City, generate an enormous waste of time, unduly burden the City, and cannot reasonably be accomplished in advance of the November 15, 2018 hearing, and is neither necessary nor relevant for the preliminary injunction hearing.

c.   Although the Court's Order, the lack of relevancy, and the lack of proportionality to the needs of the case are, in and of themselves, more than sufficient to object to this topic, the City further objects for the reason that City shares a joint defense and common interest privilege with Equality Florida.   The joint defense privilege "extends work product protection to documents shared between entities who have a common interest in the outcome of litigation."   *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 656 (S.D. Fla. 2009).   *See also In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("the 'common interest' or 'joint defense' rule is an exception to

---

[2] Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. The rule provides in relevant part that:

> Parties may obtain discovery regarding any non-privileged matter that is **relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (Emphasis supplied.)

ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other.…the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten.").   This Court has previously found that "Equality Florida has a defense that shares a common question of law or fact with the City." See Doc. 52, p. 10.[3]  Consistent therewith, the City asserts that to the extent there may be any communication occurring after the filing of the Complaint on December 4, 2017, between the City of Tampa, including its attorneys, and Equality Florida, including its attorneys — specifically including, Sylvia H. Walbolt, Brian C. Porter, and other counsel with Carlton Fields Jorden Burt, P.A; Shannon Minter, Christopher Stoll, and other counsel at the National Center for Lesbian Rights; and Scott D. McCoy, David C. Dinielli, J. Tyler Clemons, and other counsel at Southern Poverty Law Center —such a communication is privileged pursuant to joint defense and/or common interest privilege.[4]

d.  The City further objects for the reason that the term "any other advocacy group" is ambiguous.

e.  Finally, a protective order is appropriate to protect the City from annoyance, oppression, undue burden and expense associated with the breadth and scope of this topic which would potentially  require contacting more than 4,000 City employees relative to  ascertaining information concerning  any verbal or written communications that any one of the employees may have ever had with respect to "all communications

---

[3] This Court's ruling was adopted by the District Court. (Doc 60.)
[4] Each of the aforesaid attorneys and entities are reflected on the signature page in the filings of Equality Florida.

32388176 v1

and coordination between Defendant and Equality Florida or any other advocacy group, regarding the Ordinance or any other effort to ban SOCE for minors."

3. <u>Plaintiffs Should be Precluded from Seeking  Any Testimony Concerning Topic 9</u>

Topic 9 seeks testimony concerning "Defendant's drafting, consideration, debate, engagement, interpretation, application, and enforcement of the Ordinance, including Defendant's internal and external communications regarding same."  The City objects to this topic, reserving the right to assert additional objections, for the following reasons:

a. The Court's Order (Doc. 121) expressly limits the scope of discovery to the following:  (1) the time period of October 1, 2016 to December 15, 2017; (2) 20 custodians identified in the Court's Order (Doc. 119); and (3) 30 search terms.  Moreover, at the hearing on September 15, 2018, the Court stated that "**normally I would frankly view the cut-off as of the date of the filing of the complaint, and frankly here even I think there is an argument to be made that the cut-off date should really be the ordinance date**." (Transcript, p. 40:20-24.)   (Emphasis supplied.) The Court further stated that "**what is appropriate in terms of the discovery for the PI hearing is frankly the pre enactment of the ordinance and up to the enactment of the ordinance.**" (p.30). (Emphasis supplied.) The Court also stated that: "So for purposes of merits discovery in this case, should this case get to that point, then I do find that it is necessary at this time to have the cut-off be the that December 15, 2017." (p. 28-29).   Topic 9 is contrary to the scope of discovery permitted by the Court in that (1) it does not limit the scope of inquiry to December 15, 2017, but rather is completely open-ended; (2) it does not limit the testimony or inquiry to the 20 custodians identified by the Court but rather potentially implicates each

and every City employee, of which there are more than 4,000; and (3) goes well beyond the scope of the 30 search terms.

b.  As it relates to the time period after the enactment of the Ordinance and certainly after the filing of the Complaint, the information requested in topic 9 is: (a) irrelevant to the claims and defenses; and (b) not proportional to the needs of the case.  The singular issue in this case is the constitutionality and validity of the subject Ordinance, which was passed by Tampa's City Council on April 6, 2017, and approved by the City's Mayor on April 10, 2017.  Thus, any events after April 10, 2017, are irrelevant to this case, and any discovery in connection with the time period following the enactment of the Ordinance, and particularly after the filing of Plaintiffs' Complaint on December 4, 2017, is not proportional to the needs of the case given: (a) the importance of the issues at stake in the action; (b) the importance of the discovery in resolving the issues; and (c) that the burden or expense of the proposed discovery outweighs its likely benefit.  With respect to the latter, the proposed inquiry would potentially require that the City contact every City employee, of which there are more than 4,000, to ascertain whether any one of them has information regarding topic 9.  This would require an extraordinary effort and one that could not reasonably be accomplished in advance of the hearing and is not necessary or relevant to the preliminary injunction hearing.

c.  Finally, a protective order is appropriate to protect the City from annoyance, oppression, undue burden and expense associated with the breadth and scope of this topic.

4.  <u>Plaintiffs Should be Precluded from Seeking  Any Testimony Concerning Topic 10</u>

Topic 10 seeks testimony concerning "[t]he factual matters disclosed in any declaration, affidavit, or request to take judicial notice filed by Defendants in opposition to Plaintiffs' Motion

for Preliminary Injunction (Doc. 3)." The City objects to this topic, reserving the right to assert any additional objections, for the following reasons:

a.  The Court's Order (Doc. 121) expressly limits the scope of discovery to the following: (1) the time period of October 1, 2016 to December 15, 2017; (2) 20 custodians identified in the Court's Order (Doc. 119); and (3) 30 search terms. Moreover, at the hearing on September 13, 2018, the Court stated that "**normally I would frankly view the cut-off as of the date of the filing of the complaint, and frankly here even I think there is an argument to be made that the cut-off date should really be the ordinance date**." (Transcript, p. 40:20-24.) (Emphasis supplied.) The Court further stated that "**what is appropriate in terms of the discovery for the PI hearing is frankly the pre enactment of the ordinance and up to the enactment of the ordinance.**" (p.30.) (Emphasis supplied.) The Court also stated that: " So for purposes of merits discovery in this case, should this case get to that point, then I do find that it is necessary at this time to have the cut-off be the that December 15, 2017." (p. 28-29.) Topic 10 is contrary to the scope of discovery permitted by the Court in that (1) it does not limit the scope of inquiry to December 15, 2017, but rather is completely open-ended; (2) it does not limit the testimony or inquiry to the 20 custodians identified by the Court but rather potentially implicates each and every City employee, of which there are more than 4,000, as well as numerous other individuals who are referenced in the attachments to the requests for judicial notice; and (3) goes well beyond the scope of the 30 search terms.

b.  The City further objects for the reason that the documents at issue, in support of the Defendants' Opposition to Plaintiff's Motion for Preliminary Objection, speak for themselves. These documents include requests to take judicial notice of: (1) the certified

copy of the Ordinance; (2) the certified of the City Clerk's file; (3) DVDs of the City Council meetings held on February 16, 2017, March 2, 2017,  March 16, 2017,  and April 6, 2017; and (4) excerpts of the Tampa City Council meeting, stenographically transcribed via DVD, relative to the City Council meetings held on February 16, 2017, March 2, 2017, March 16, 2017, and April 6, 2017.

c.  The City further objects for the reason that it would be extremely disproportional to the needs of the case, and an undue burden on the City,  to require the City to contact each of the individuals who spoke at the City Council meetings, whose testimony is reflected in the DVDs of the City Council meetings, and each of the individuals who authored any article or publications which are attached to the certified copy of the Ordinance, and each of the individuals who submitted information which is contained within the City Clerk file.   This would require an extraordinary effort, an enormous waste of time, unduly burden the City and cannot reasonably be accomplished in advance of the hearing.

d.  The City further objects to the extent that the Court has issued an Order concerning taking judicial notice of the aforesaid documents (Doc. 51) which speaks for itself. In that regard, the Order states that: "It is appropriate to take judicial notice of the City's certified copy of Ordinance 2017-47" (Doc. 51, p.4); that "legislative history is relevant in a case in which intermediate scrutiny may apply." (Doc. 51, p.6); that "the City's legislative materials, which include public testimony, are relevant to its defense of Ordinance 2017-47" (Doc. 51, p.6); and that " the court judicially notes that that the City Clerk's file, transcripts, or DVDs are official public materials related to Ordinance 2017-47. The court does not take judicial notice of the truth of the statements contained in the City Clerk file, transcripts, or DVDs." (Doc. 51, p.6).

32388176 v1

e.  Finally, a protective order is appropriate to protect the City from annoyance, oppression, undue burden and expense associated with the breadth and scope of this topic.

5.  <u>Plaintiffs Should be Precluded from Seeking Any  Testimony Concerning Topic 11</u>

Topic 11 seeks testimony concerning "Defendant's document production efforts and sources, for any document production pursuant to Rule 26(a)(1) or any written discovery requests, including without limitation—

a.  the physical or digital/electronic locations of the documents produced;

b.  the time period(s) covered by the documents produced;

c.  the search terms used to locate potentially responsive, electronically stored documents; and

d.  The documents custodian(s) consulted for responsive documents for from whom the documents were obtained for production."

The City objects to this topic, reserving the right to assert any additional objections, for the following reasons.

a.  The Court's Order (Doc. 121) expressly limits the scope of discovery in response to Plaintiffs' discovery requests to the following:  (1) the time period of October 1, 2016 to December 15, 2017; (2) 20 custodians identified in the Court's Order (Doc. 119); and (3) 30 search terms.  Moreover, at the hearing on September 13, 2018, the Court stated that "**normally I would frankly view the cut-off as of the date of the filing of the complaint, and frankly here even I think there is an argument to be made that the cut-off date should really be the ordinance date**." (Transcript, p. 40:20-24.) (Emphasis supplied.) The Court further stated that "**what is appropriate in terms of the discovery for the PI hearing is frankly the pre enactment of the ordinance and up to the enactment of the**

**ordinance**." (p.30.)     (Emphasis supplied.) The Court also stated that: " So for purposes of merits discovery in this case, should this case get to that point, then I do find that it is necessary at this time to have the cut-off be the that December 15, 2017." (p. 28-29). Topic 11 is contrary to the scope of discovery permitted by the Court in that any inquiry concerning this topic implicates the period well beyond December 15, 2017. Indeed, the document request which is the subject of topic 11 was not even served on the City until August 9, 2018, approximately 8 months after the December 15, 2017 date which the Court identified at the September 13 hearing as the cutoff date for discovery. Moreover, the document request, which is the subject of topic 11, does not limit the testimony or inquiry to the 20 custodians identified by the Court but rather potentially implicates each and every City employee, of which there are more than 4,000; and goes well beyond the scope of the 30 search terms.  Plaintiffs' efforts to make any inquiry on this topic would be completely antithetical to the efforts made by the Court relative to narrowing the scope of discovery, particularly in advance of the preliminary injunction hearing which is scheduled for November 15, 2018.

b.  The information requested in topic 11 is (a) irrelevant to the claims and defenses; and (b) is not proportional to the needs of the case.  The singular issue in this case is the constitutionality and validity of the subject Ordinance, which was passed by Tampa's City Council on April 6, 2017, and approved by the City's Mayor on April 10, 2017.  Thus, any events after April 10, 2017, are irrelevant to this case, and any discovery in connection with the time period following the enactment of the Ordinance, and particularly after the filing of Plaintiffs' Complaint on December 4, 2017, is not proportional to the needs of the case given: (a) the importance of the issues at stake in the action; (b) the importance of the

discovery in resolving the issues; and (c) that the burden or expense of the proposed discovery outweighs its likely benefit.  With respect to the latter, the proposed inquiry would potentially require that the City contact each and every City employee, of which there are more than 4,000, to ascertain a wide range of information concerning Plaintiffs' unduly burdensome and draconian document request which the Court has previously determined needed to be narrowed to the parameters of the Court's Order. Finally, inquiry into this topic would require an extraordinary effort and one which could not reasonably be accomplished in advance of the hearing and is not necessary or relevant to the preliminary injunction hearing, and is completely inconsistent with the Court narrowing and limiting the scope of the document production by the City.

c. The City further objects that the Court has already identified the time period covered by the documents, the search terms used to locate potentially responsive electronically stored documents, and document custodians to be consulted for responsive documents.  It would be completely contrary to the Court's ruling to further re-visit these issues which the Court has already addressed and resolved.

d. The City further objects that the reason that such testimony would likely intrude upon the work product doctrine and attorney-client privilege, and is a "back door" attempt to depose opposing counsel.. *See, e.g., Smithkline Beecham Corp. v. Apotex Corp*., 2000 WL 116082 (N.D. Ill. Jan. 24, 2000).  In *Smithkline*, the defendants' 30(b)(6) notice requested the plaintiff to designate a witness to testify concerning "[plaintiff's] responses to Defendants' Interrogatories and request for production, along with the subjects identified therein." *Id*. at *9.  In rejecting the defendants' motion to compel such testimony, the court noted that "answering requests for production and interrogatories customarily is performed with the

16

assistance of counsel."  Thus, the court held that "the proposed area of inquiry improperly trespass[ed] into areas of work product and attorney-client privilege."  *Id.* (citation omitted).  *See also Club v. BNSF Railway Co.*, 2016 WL 4528452, *5 (W.D. Wash. Aug. 30, 2016) (granting a protective order precluding defendant from deposing a Rule 30(b)(6) witness concerning plaintiff's interrogatory responses).

e.  Finally, a protective order is appropriate to protect the City from annoyance, oppression, undue burden and expense associated with the breadth and scope of this topic which would potentially require contacting more than 4,000 City employees relative to ascertaining information concerning Plaintiffs' unduly burdensome and draconian document request which the Court has previously determined needed to be narrowed to the parameters of the Court's Order.

6.  <u>Plaintiffs Should be Precluded from Seeking  Any Testimony Concerning Topic 12</u>

Topic 12 of Plaintiffs' Notice seeks Rule 30(b)(b) testimony concerning "the extent to which Defendant regulates: (a) any *other* clinical practice methods besides SOCE counseling; (b) any *other* types of clients or services that mental health professionals are permitted to serve or offer, besides SOCE counseling or clients who seek SOCE counseling; (c) any *other* mental health professionals or professions, besides marriage and family therapy or marriage and family therapists; or (d) any *other* professions, professionals or professional conduct, besides mental health professions, mental health professionals or SOCE counseling.  Without limitation, this topic includes any other ordinances or regulations that Defendant has considered, enacted or enforced as to sub-topics (a)-(d)."  (emphasis added).   The City objects to this topic, reserving the right to assert additional objections, for the following reasons:

a. The Court's Order (Doc. 121) expressly limits the scope of discovery in response to Plaintiffs' discovery requests to the following:  (1) the time period of October 1, 2016 to December 15, 2017; (2) 20 custodians identified in the Court's Order (Doc. 119); and (3) 30 search terms.  Moreover, at the hearing on September 13, 2018, the Court stated that "normally I would frankly view the cut-off as of the date of the filing of the complaint, and frankly here even I think there is an argument to be made that the cut-off date should really be the ordinance date."  (Transcript, p. 40:20-24.) The Court further stated that "what is appropriate in terms of the discovery for the PI hearing is frankly the pre enactment of the ordinance and up to the enactment of the ordinance." (p.30.)      The Court also stated that: " So for purposes of merits discovery in this case, should this case get to that point, then I do find that it is necessary at this time to have the cut-off be the that December 15, 2017." (p. 28-29).  Topic 12 is contrary to the scope of discovery permitted by the Court in that (1) it does not limit the scope of inquiry to December 15, 2017; (2) it does not limit the testimony or inquiry to the 20 custodians identified by the Court but rather potentially implicates each and every City employee, of which there are more than 4,000; and (3) goes well beyond the scope of the 30 search terms.

b. As Plaintiffs are aware, the subject Ordinance is limited to only SOCE counseling.  Thus, by explicitly seeking testimony relating to the regulation of methods/professions "besides SOCE counseling," this request seeks information that is neither relevant nor proportional to the present action.  *See Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 773 n.25 (1976) (noting, in case involving first amendment challenge to regulation of pharmacists, that "the distinctions, historical and functional, between professions, may require consideration of quite different factors.").  Plaintiffs'

18

request would potentially require the City to prepare and put forth a deponent or deponents to research each and every City regulation relating to police officers, taxi drivers, property developers, food truck vendors, adult book store owners, and pain management clinic owners, to name just a few. Such information would not only be unduly burdensome to obtain, but entirely irrelevant and disproportionate to the constitutionality of the subject Ordinance that is limited to conversion therapy performed on minors by licensed practitioners.

7. Any Inquiry on the Remaining Topics Should be Limited Pursuant to this Court's Order

With respect to the remaining topics identified in Plaintiff's Notice, any inquiry should be limited to events and actions that occurred between October 1, 2016 and December 15, 2017, and the 20 custodians and 30 search terms identified in the Court's Order. Inquiry beyond that limited scope would not only be inconsistent with the Court's Order and the reasons articulated by the Court at the September 13, 2018 hearing, but also irrelevant and disproportional to the needs of the case given: (a) the importance of the issues at stake in the action; (b) the importance of the discovery in resolving the issues; and (c) the burden or expense of the proposed discovery outweighs its likely benefit.

## CONCLUSION

For the reasons stated herein, the City respectfully requests that this Court: (1) grant the within Motion; (2) defer scheduling of the 30(b)(6) deposition until after discovery responses are served and the Court rules on any objections asserted by the City; (3) prohibit any inquiry into the topics identified in the within Motion in which Plaintiffs should be precluded from seeking any testimony, to wit, topics 7, 9, 10, 11 and 12; and (4) otherwise limit the scope of any 30(b)(6) deposition as requested herein, to wit, (a) to limit any inquiry consistent with the Court's Order to

32388176 v1

the  time period of October 1, 2016 to December 15, 2017,  the 20 custodians, and the 30 search

terms identified in the Court's September 13, 2018 Order (Doc. 121). Finally, in the event that the

Court is not inclined to grant all of the aforesaid relief, the City would respectfully request that the

30(b)(6) deposition be postponed for  at least  4 months (120 days) to allow the City adequate time

to gather information, and prepare necessary witness(es).

REQUEST FOR EXPEDITED RULING

Because of the time sensitivity, the City respectfully request the Court adjudicate the within

Motion on an expedited basis.

Certificate of Good Faith Compliance with Local Rule 3.01(g)

In accordance with Local Rule 3.01(g), counsel for the City has conferred with counsel for

Plaintiffs concerning the relief requested herein and counsel for Plaintiffs has objected to the relief

requested herein.

*/s/ Robert V. Williams*
_____
Robert V. Williams, Esquire
Florida Bar No.:  144720
Primary:  rwilliams@burr.com
Secondary: pturner@burr.com
BURR & FORMAN LLP
201 N. Franklin Street, Ste. 3200
Tampa, Florida  33602
Telephone:  (813) 221-2626
Facsimile:  (813) 221-7335
Attorneys for Defendants, City of Tampa and Sal
Ruggiero, in his official capacity as Manager of
the City of Tampa Neighborhood Enforcement
Division

And

Jerry M. Gewirtz, Esquire
Florida Bar No. 0843865
Primary:  Jerry.Gewirtz@tampagov.net
Secondary:Kimber.Spitsberg@tampagov.net
Robin Horton Silverman, Esquire

32388176 v1

Florida Bar No. 0027934
Primary: Robin.Horton-Silverman@tampagov.net
Secondary:Laytecia.McKinney@tampagov.net
5th Floor, City Hall, 315 E. Kennedy Boulevard
Tampa, Florida 33602
Telephone:  (813) 274-8996
Facsimile:  (813) 274-8809

Attorneys for Defendant, City of Tampa


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 26th day of September 2018, I caused a true and correct

copy of the foregoing to be filed electronically with the Clerk of Court.  Service will be effectuated

on all counsel of record via the Court's ECF/Electronic Service System.

*/s/ Robert V. Williams*
Attorney