# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERT L. VAZZO, LMFT, etc., et al.,　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　) Case No. 8:17-cv-2896-T-02AAS
v.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
CITY OF TAMPA, FLORIDA,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

## JOINT MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING DEADLINES AND CONTINUE THE TRIAL AND REQUEST FOR EXPEDITED CONSIDERATION

The parties, for good cause shown below, respectfully move the Court for an order amending the Court's case management and scheduling deadlines, and continuing the trial, to accommodate the parties' cooperative and ongoing expert discovery efforts involving four expert witnesses, and significant but unavoidable calendar conflicts, as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Defendant's Expert Disclosure | June 10, 2019 | **June 14, 2019** |
| Plaintiff's Rebuttal Expert Disclosure | June 30, 2019 | **July 8, 2019** |
| Discovery Cut-off | July 8, 2019 | **August 2, 2019** |
| Dispositive, *Daubert*, and *Markman* Motions Deadline | August 5, 2019 | **August 19, 2019** |
| Responses in Opposition | August 26, 2019 | **September 9, 2019** |
| Replies | September 3, 2019 | **September 23, 2019** |
| Dispositive Motion Hearing | September 6, 2019 | **September 24–27 (one hearing day, excluding mornings of September 26 and 27)** |
| Trial | December 2, 2019 | **January 16, 2020 or later (with corresponding adjustment of intervening pretrial deadlines)** |

## **GOOD CAUSE FOR EXTENSION**

The parties are mindful of the Court's admonitions in its Local Rules and Scheduling Order disfavoring extensions of the foregoing deadlines, and file this motion only as a matter of necessity and last resort. The parties have worked diligently and cooperatively to complete expert discovery on time, but contingencies have arisen necessitating this modest request for deadline extensions, to preserve the Court's and the parties' abilities to resolve this case efficiently and on the merits. As certified below, the parties do not submit this motion as a result of lack of diligence or otherwise for the purpose of unjustified delay of the trial or final resolution of the case.

The parties show the Court good cause exists for the extensions requested in this motion, as follows:

**A.    Expert Discovery.**

1.    Since the Court's Order of March 26, 2019 (Doc. 167), amending the Case Management and Scheduling Order (Doc. 63) (as amended, the "Scheduling Order"), the parties have diligently and cooperatively prosecuted their expert discovery obligations. Plaintiffs served two expert witness reports on Defendant, and Defendant is preparing two expert reports to serve on Plaintiff.

2.    Due to circumstances beyond the control of Defendant or Defendants' counsel, Defendant has been unable to secure completion of the report of one expert in time for service by the June 10 deadline. Plaintiffs desire to accommodate Defendants' need, but such accommodation will require the adjustment of subsequent deadlines as set forth in this and the following paragraphs. Thus, in order to allow Defendant sufficient time to secure its second expert report, the parties agree that Defendant should be allowed a four-day extension, to and including June 14,

to serve the report, and that Plaintiffs should be allowed a proportionate extension to July 8 to serve their rebuttal expert reports, if any.[1]

3. The foregoing agreed extensions of the remaining expert report deadlines would necessitate an extension of the current July 8, 2019 discovery cut-off, so that the parties can schedule and complete the depositions of four experts. Due to preexisting travel and other professional obligations of the parties' respective counsel, and the need to accommodate the schedules of the four professionals serving as experts, all of whom reside outside the state of Florida, the parties agree that the discovery cut-off should be extended to August 2, 2019.

**B. Dispositive Motions.**

4. The foregoing agreed extension of the discovery cut-off to accommodate the parties' continuing and cooperative expert discovery efforts would necessitate an extension of the current dispositive motion briefing deadlines and hearing date. Furthermore, two significant calendar obstacles for Plaintiffs' counsel—one preexisting and one emerging—manifestly interfere with Plaintiffs' counsel's ability to prepare for and attend the currently scheduled dispositive motion hearing: First, an evidentiary hearing in a California criminal matter, in which Plaintiffs' counsel represent a primary defendant, was recently rescheduled to September 3–17, which subsumes the current September 6 dispositive motion hearing date in this Court. Plaintiffs' undersigned counsel attempted to protect this Court's dispositive motion hearing date by urging different dates for the California criminal hearing, but were outvoted by several other parties' counsel and ultimately overruled by the California court. Second, the one-month jury trial of a separate California, multi-party RICO action, in which Plaintiffs' counsel represent a primary

---

[1] A day-for-day extension of Plaintiffs' rebuttal expert report deadline would coincide with the Independence Day holiday, necessitating a slightly longer extension of this deadline.

defendant, is scheduled to commence September 30, 2019. Accordingly, the parties agree that the dispositive motion hearing should be rescheduled for one hearing day during the week of September 23, to conclude no later than September 27.[2]

**C.     Trial.**

5.     The foregoing agreed extensions of the dispositive motions briefing deadlines and hearing date would counsel the extension of the trial date and intervening pre-trial deadlines to ensure the Court and the parties have sufficient time following the dispositive motion hearing to adequately and efficiently prepare for trial, the scope of which potentially could be narrowed by the Court's disposition of the parties' respective summary judgment motions. Accordingly, the parties agree that the trial date should be continued to January 16, 2020, or later, with corresponding adjustments of the intervening pre-trial deadlines. Alternatively, the parties request that the Court grant the foregoing requested extensions of the discovery and dispositive motion deadlines even if the Court denies the parties' request for continuance of the trial date.

WHEREFORE, good cause having been shown, the parties respectfully request an order amending the Scheduling Order as set forth above. Given the imminence of several of the affected deadlines, the parties respectively request the Court's soonest possible consideration of this motion.

**CERTIFICATIONS OF COUNSEL**

Pursuant to Local Rule 3.09, the undersigned counsel for the parties hereby certify to the Court that the extensions requested in this motion are not the result of lack of diligence in pursuing

---

[2]     Defendant's counsel has preexisting obligations on the mornings of September 26 and 27, but is available on those afternoons.

4

discovery, and that their respective clients have been informed of this motion and have consented to it.

| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
|---|---|
| /s/ Roger K. Gannam | /s/ Robert V. Williams |
| Mathew D. Staver | Robert V. Williams |
| Horatio G. Mihet | **BURR & FORMAN LLP** |
| Roger K. Gannam | 201 N. Franklin Street, Ste. 3200 |
| Daniel J. Schmid | Tampa, Florida 33602 |
| **LIBERTY COUNSEL** | Telephone: (813) 221-2626 |
| P.O. Box 540774 | Facsimile: (813) 221-7335 |
| Orlando, FL 32854 | E-mail: rwilliams@burr.com |
| Telephone: (407) 875-1776 | pturner@burr.com |
| Facsimile: (407) 875-0770 | |
| E-mail: court@LC.org | |
| hmihet@LC.org | |
| rgannam@LC.org | |
| dschmid@LC.org | |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this June 11, 2019, I caused a true and correct copy of the foregoing to be filed electronically with the Court's CM/ECF system. Service upon all counsel of record will be effectuated by the Court's electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam
*Attorney for Plaintiffs*